The Supreme Court struck out the tenth and eleventh findings of fact and modified, and then affirmed the judgment of the Common Pleas on May 29, 1885, in the following opinion, per:
Clark, J.
The proceedings in this case were instituted to effect the partition of a certain specific stratum or seam of coal, which, it is averred in the declaration, the plaintiff and the defendants hold together and undivided, beneath the surface of a tract of eighty .acres of land in the County of Luzerne. This particular averment is not now denied, nor is the finding of the Court to that ■effect assigned for error. The plaintiff’ further avers, however, that he is the owner.in severalty and fee of all the surface land •and of all other superincumbent strata or seams of coal which may be found on the said land, and this averment the defendants do deny. The defendants’ claim would seem to be for the one undivided half of all the coal which may be found to underlie •the surface. ■ The extent and validity of the respective claims of the parties depend upon the proper construction of the deed of ■conveyance, dated March 5th, 1815, from Andrew Mock to Henry 'Courtright, under which the defendants derive their title ; but the construction of this deed is, we think, not essential to the proper determination of the issue raised by the pleadings. The issue is exclusively upon the title of the seam or stratum specified, the ownership in common of which is averred in the declaration and denied in the plea ; and as nothing can be covered by •the adjudication whicü is not involved in the issue thus presented, •we do not think that the defendants’ rights can in any way be ^prejudiced by the mere averment of a matter, the truth or falsity of which is not determined by the judgment.
*164 This averment was doubtless inserted, out of abundant caution, as matter of description or of identification, and to direct the proceedings with certainty to the precise seam or bed of coal intended.
In partition, however, whether in the Common Pleas or in' the Orphans’ Court, it is without doubt incumbent on the party instituting the proceedings, if practicable, to embrace the whole of the undivided realty within the jurisdiction or power of the Court. There cannot be inquisitions upon it, by parcels, such a course of proceeding would, through the exercise of the right of election, as fixed by law, give unfair and unjust advantage to-those first entitled. There should, in general, when the title and possession' is certain and determined, be but one inquisition, embracing all the lands, tenements and hereditament held and possessed by the parties, together and undivided, within the reach of the writ; and the record in all cases will, upon proper application, be made to conform to and commensurate with the rights of the parties. We do not say that the omission of any of the-parcels from the partition would upon any principle of estoppel, or otherwise, affect the estate or title of the parties, or of either of them, but we do say that it is the right of both to have the whole embraced in the proceedings, if that right is not waived.
In this case, however, no application to extend the proceedings has been made; we do not understand the defendants to be objecting to the judgment entered in the Court below, quodpartitio fiat, if by that judgment they are not prejudiced in their further claim, to the remaining strata, if any such there be; and the ¡case is certainly novel and exceptional, in that it does not certainly appear that there are, in fact, any other strata or seams of coal upon which the contention of the parties may operate. The learned judge of the Court below has stated his conclusions of fact and of law in separate and distinct paragraphs, and, for convenience of reference, we may, in alluding to them, use the numerals by which they have been respectively designated in ■ his report.
The conclusions of fact at paragraphs X and XI are findings which are foreign to the specific issue presented by the pleadings, *165 and, in view of the doubts expressed by counsel, and entertained by some of the members of this Court, as to the legal effect of a judgment entered thereon, we are of opinion that these findings •■should be stricken from the referee’s report. No matter of this importance should be left doubtful upon the record.
Therefore, the finding of the Court contained in paragraphs X .and XI are stricken out, and it is further adjudged that the judgment entered in this case is without prejudice to the i-ights and interests of either party, as respects the title and ownership •of such seams of coa.1 as may be found to underlie the surface of the said tract of land other than the proper seam described in the declaration; and, with this modification, the judgment is affirmed. . ■